**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jonathan Philip Mosz,

    Plaintiff

v.

Core Civic of America, et al.,

    Defendants

Case No.:  2:25-cv-00775-APG-MDC

**Order Dismissing and Closing Case**

Plaintiff Jonathan Mosz brings this civil-rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to redress constitutional violations that he claims he suffered while incarcerated at multiple federal facilities. ECF No. 4.  On March 2, 2026, I ordered Mosz to either pay the full filing fee or file a complete in forma pauperis application on the correct form, file an amended complaint, and file a change of address notice by April 3, 2026. ECF No. 3.  I warned Mosz that the action could be dismissed if he failed to timely comply. *Id.* at 20.  That deadline expired and Mosz did not comply with any part of my order or otherwise respond to it.  And his mail from the court was returned as undeliverable. ECF No. 5.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Mosz's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before

2

finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Mosz files an amended complaint, and litigation cannot progress without Mosz's compliance with the court's rules and orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. And without an updated address for Mosz, the likelihood that a second order would reach him is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. I THEREFORE ORDER that this action is dismissed without prejudice based on Jonathan Mosz's failure to address the matter of the filing fee, file an amended complaint, and provide his updated address in compliance with my March 2, 2026, order. The Clerk of Court is directed to enter judgment accordingly and close this case. If Mosz wishes to pursue his claims, he must file a complaint in a new case, address the matter of the filing fee, and provide his current address to the court.

Dated: May 7, 2026

_____
Andrew P. Gordon
Chief United States District Judge

3